**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GARY KOPY,

Plaintiff,

- v -                                                      Civ. No. 9:07-CV-417
                                                                    (DNH/RFT)

GARY HOWARD, *Sheriff, Tioga County Jail*;
JACKSON, *Undersheriff, Tioga County Jail*;
DAVID MONELL, *Tioga County Jail*;
SPANSBURG, *Sergeant, Tioga County Jail*,

Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

GARY KOPY
Plaintiff, *Pro se*
07-B-877
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

OFFICE OF FRANK W. MILLER            FRANK W. MILLER, ESQ.
Attorneys for Defendants              MICHAEL J. LIVOLSI, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>REPORT-RECOMMENDATION and ORDER</u>

 *Pro se* Plaintiff Gary Kopy initiated this civil rights action pursuant to 42 U.S.C. § 1983.

By his Amended Complaint, Kopy alleges that his Eighth Amendment rights were violated during

his confinement at the Tioga County Jail because excessive force was used against him. Dkt. No.

11, Am. Compl. Presently before the Court is Defendants' Motion for Summary Judgment and/or

Motion to Dismiss, which was filed on September 30, 2009. Dkt. No. 46, Defs.' Mot. for Summ.

J., dated Sept. 30, 2009.  Thereafter, Defendants were granted permission to supplement their

Motion and, after doing so, Plaintiff was ordered to file a response to the Motion by November 30,

2009. Text Order, dated Oct. 21, 2009; Dkt. No. 49, Defs.' Supp. Mot. for Summ. J., dated Oct. 22,

2009.  On April 12, 2010, having received no response from Plaintiff, and in light of his *pro se*

status, the Court *sua sponte* granted Plaintiff an extension of time to file any opposition to

Defendants' Motion on or before May 24, 2010.  Dkt. No. 50, Order, dated Apr. 12, 2010.  In that

Order, Plaintiff was forewarned that "**failure to oppose Defendants' Motion will result in this**

**Court accepting the facts set forth by Defendants as true**" and that "**failure to respond may, if**

**appropriate, result in the granting of Defendants' Motion, in which [case] there will be no**

**trial.**" *Id.* at p. 3 (citing N.D.N.Y.L.R. 7.1(a)(3)&(b)(3)) (emphasis in original).

On April 23, 2010, Plaintiff filed a Letter Motion requesting a thirty-day extension to file

a response to the Motion (Dkt. No. 51), which the Court granted, extending his response deadline

to June 24, 2010 (Text Order, dated Apr. 26, 2010).  On May 19, 2010, and again on June 7, 2010,

Plaintiff filed letters indicating his willingness to settle this action for the sum of $20,000.  Dkt. Nos.

52-53, Lts., dated May 19 and June 7, 2010.  In response to those letters, the Court issued a Text

Order in which it reminded Plaintiff that the deadline for filing a response to Defendants' Motion

remained June 24, 2010.  Text Order, dated June 7, 2010.  Despite the multiple extensions granted

and warnings issued, Plaintiff has not filed a response to the Motion.[1]  Therefore, in addressing this

Motion, we shall accept as true the facts stated in Defendants' Statement of Material Facts

(hereinafter "Defendants 7.1 Statement").  *See* N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem

admitted any facts set forth in the Statement of Material Facts that the opposing party does not

---

[1] The last correspondence the Court received from Plaintiff was a change of address notice which was filed on June 16, 2010.  Dkt. No. 54.

specifically controvert." (emphasis in original)).

For the reasons that follow, it is recommended that Defendants' Motion be **granted** and the Amended Complaint be **dismissed** in its entirety.

## I. FACTUAL BACKGROUND

The following facts were derived primarily from Defendants' 7.1 Statement, which, given Plaintiff's failure to respond, we shall take as true. At all times relevant to this action Plaintiff was incarcerated at the Tioga County Jail ("Tioga"). *See generally* Am. Compl. On January 19, 2007, Plaintiff was on the telephone with his attorney and was ordered to return to his cell. Dkt. No. 46-11, Defs.' 7.1 Statement at ¶ 4. Plaintiff refused to comply with the order. *Id.* at ¶ 5. At that time, Plaintiff was on keeplock status due to his possession of contraband and was aware that all inmates on keep lock are required to return to their cells every day prior to lunch. *Id.* at ¶¶ 6-7. Plaintiff was warned several times to return to his cell, but repeatedly refused. *Id.* at ¶ 8. During an approximately five minute span, Plaintiff was repeatedly ordered to return to his cell by several different officers, after which time pepper spray was used on him. *Id.* at ¶ 9. After being pepper sprayed, Plaintiff returned to his cell and was immediately thereafter taken to wash out his eyes, permitted to shower, and examined by a jail nurse for injuries. *Id.* at ¶¶ 10 & 12-13. After showering, Plaintiff sought no further medical attention. *Id.* at ¶ 14. Plaintiff suffered no long-term harm from the use of pepper spray and recovered completely within minutes of being decontaminated. *Id.* at ¶ 15.

Tioga has an inmate grievance procedure of which Plaintiff was aware and had received information when he arrived at that facility. *Id.* at ¶ 1. Plaintiff has not submitted any grievance nor otherwise attempted to utilize Tioga's grievance procedure regarding the use of pepper spray against

him on January 19, 2007.  *Id.* at ¶ 2.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and [the moving party] is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "'pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any,'" that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."  *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set out specific facts showing [that there is ]a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant.  FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a

summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## B.  Failure to Exhaust

The Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e)(a), states that "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

(2002); *see also Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

Tioga has established a grievance procedure which is contained in the Inmate Handbook that is given to each inmate at the time of their admission.  Upon his arrival at Tioga, Plaintiff was given a copy of the Inmate Handbook and signed a statement indicating that he had received and read the same. Dkt. No. 49, Michael J. Livosli, Esq., Decl., dated Sept. 30, 2009, Ex. E, Inmate Orientation Acknowledgment Form, dated Feb. 1, 2006.  Pursuant to Tioga's grievance procedure, an inmate with a complaint may either submit an Inmate Request Form or a Grievance Form detailing the issue, after which the prison officials must investigate the matter and issue a response, which the inmate can then appeal.  *Id.*, Ex. E, Tioga County Inmate Handbook at p. 17.   During his time at Tioga, Plaintiff submitted numerous such Inmate Request Forms in which he made various requests and complaints to prison officials.  *Id.*, Ex. F, Pl.'s Inmate Requests.  However, Plaintiff did not submit any request or grievance regarding the pepper spray incident on January 19, 2007.  Dkt. No. 49, Gary Howard Aff., dated Sept. 29, 2009, at ¶ 14; Defs.' 7.1 Statement at ¶ 2.  Plaintiff has not offered any explanation for his failure to exhaust his available administrative remedies.  Therefore, because Plaintiff failed to utilize the administrative remedies available through Tioga's grievance procedures, his excessive force claim is unexhausted and should be **dismissed** pursuant to 42 U.S.C. § 1997(e).

## C. Excessive Force

Even if we were to look past Plaintiff's failure to exhaust his excessive force claim and consider its merits, we would still recommend in favor of granting summary judgment.  To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) subjectively, that the Defendant acted wantonly and in bad faith, and (2)

objectively, that the Defendant's actions violated "contemporary standards of decency."[2]  *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)).

In this case, the record shows no bad faith on Defendants' part.  Plaintiff testified at his deposition that, while he was on the phone with his attorney, he was ordered to return to his cell, but refused to comply with that order.  Dkt. No. 49, Livolsi Decl., Ex. C, Pl.'s Dep. Tr., dated Aug. 18, 2009, at pp. 14-15.  Plaintiff testified that he was warned by Officer Hall that force would be used to get him into his cell if he continued to disobey the order.  *Id.* at p. 15.  Again, according to Plaintiff's deposition testimony, after he refused another direct order to return to his cell, Defendant Sergeant Spansburg pepper sprayed him, after which he returned to his cell.  *Id.* at pp. 17-23.  Thus, by Plaintiff's own admission, he refused several direct orders to return to his cell and, as a consequence, was forcibly moved there by use of pepper spray.  There being absolutely no evidence or indication of bad faith on the part of Defendants, this claim must fail.  Therefore, we recommend that Plaintiff's excessive force claim be **dismissed**.

### D.  Conclusory Claims

Although it is unclear, Plaintiff appears to bring a conditions of confinement claim by his Amended Complaint.  In order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege: (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with

---

[2] Plaintiff states that at the time of the alleged use of excessive force, he was a "nonsentenced inmate at the Tioga County Jail."  Am. Compl. at p. 14.  We note that if Plaintiff was a pre-trial detainee during the time of the alleged incident, his excessive force claim would necessarily rest on the Fourteenth Amendment because the Eighth Amendment's protections do not apply "until after conviction and sentence."  *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989).  However, the distinction is an academic one as the same standard applies in either instance.  *United States v. Walsh,* 194 F.3d 37, 48 (2d Cir. 1999).

"deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in

*Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)).

Plaintiff states that he was placed into a "cold air-conditioned cell stripped out in the winter

with no [mattress], bedding, blanket or clothing, [hygiene] products and also no toilet paper at all."

Am. Compl. at p. 6.   Beyond that conclusory allegation, which fails to allege any personal

involvement on the part of any named Defendant, Plaintiff offers no additional factual allegations

that would add clarity to this claim.   Defendant Lieutenant David Monell explains in his Affidavit

that on January 19, 2007, Plaintiff was held in

> 'keep lock', and in a cell that had all articles other than necessities removed.   This
> type of housing situation is commonly referred to as a 'stripped cell.'   Plaintiff had
> been placed in keep lock and a stripped cell due to Plaintiff's possession of
> contraband. . . . While in a stripped cell, the inmate is not permitted to have any sort
> of bedding for the duration of the day, but the inmate is provided with bedding every
> night at the time assigned for inmates to sleep.

Dkt. No. 46, David Monell Aff., dated Sept. 29, 2009, at ¶¶ 10-11.

Thus, the record evidence shows that Plaintiff was placed in a "stripped cell" because he was caught

with contraband, but was not denied life's basic necessities.   Moreover, there is no evidence that any

of the Defendants acted with a deliberate indifference towards Plaintiff's basic human needs.

Therefore, it is recommended that this claim be **dismissed**.

Plaintiff also asserts that he was denied postage, a pen, paper, and envelopes, which

prevented him from corresponding with his family and his lawyer. Am. Compl. at p. 11.   This claim

is also stated in wholly conclusory terms and fails to allege any personal involvement on the part

of any named Defendant.   Moreover, as Defendants note, Plaintiff does not allege any deprivation

of a liberty or property interest in these items, nor that his access to the courts was somehow

interfered with.   As such, it is recommended that this claim also be **dismissed**.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment and/or Motion to Dismiss (Dkt. Nos. 46 & 49) be **GRANTED** and the Amended Complaint (Dkt. No. 11) be **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).


Date:   August 11, 2010
        Albany, New York


RANDOLPH F. TREECE
United States Magistrate Judge